IN THE SUPREME COURT OF THE STATE OF DELAWARE

DECLAN HALL,[1]           §
          § No. 75, 2024
      Petitioner Below,       §
      Appellant,           § Court Below: Family Court
                       § of the State of Delaware
      v.                   §
                       § File No. CK22-01278
EMMA JEWELL,          § Petition Nos. 22-22242
                       §            23-00217
      Respondent Below,    §
      Appellee.           §

Submitted: February 28, 2024
Decided: March 6, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

(1) On February 22, 2024, the appellant filed a notice of appeal from an order of the Family Court, dated and docketed on November 16, 2023, deciding a petition for custody and a petition for a rule to show cause. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed, at the latest, by December 18, 2023.[2] The Senior Court Clerk of this Court issued a notice directing the appellant to show cause why this appeal should not be dismissed as untimely

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

[2] *See* DEL. SUPR. CT. R. 6(a)(i) (providing that a notice of appeal in a civil case shall be filed "[w]ithin 30 days after entry upon the docket of a judgment, order or decree from which the appeal is taken"); *id.* R. 11 (a) (providing that if a filing deadline falls on a weekend or holiday the period for filing "shall run until the end of the next day on which the office of the Clerk is open").

filed. In response to the notice, the appellant argues the merits of the appeal but does not address the untimeliness of the appeal.

(2)　Time is a jurisdictional requirement.[3] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[4] An appellant's status as a self-represented litigant does not excuse a failure to comply strictly with the jurisdictional requirements.[5] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[6]

(3)　The appellant has not demonstrated that his failure to file a timely notice of appeal is attributable to court-related personnel. The appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice

---

[3] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[4] DEL. SUPR. CT. R. 10(a).
[5] *Rogers v. Morgan*, 2019 WL 168667 (Del. Jan. 10, 2019); *Taylor v. Powell*, 2015 WL 2452916 (Del. May 20, 2015).
[6] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2